| | |
|---|---|
| 1 | G. HOPKINS GUY, III (SBN 124811) |
|   | hopguy@orrick.com |
| 2 | MICHAEL F. HEAFEY (SBN 153499) |
|   | mheafey@orrick.com |
| 3 | JACOB M. HEATH (SBN 238959) |
|   | jheath@orrick.com |
| 4 | JACOB A. SNOW (SBN 270988) |
|   | jsnow@orrick.com |
| 5 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
|   | 1000 Marsh Road |
| 6 | Menlo Park, California  94025 |
|   | Telephone:     +1-650-614-7400 |
| 7 | Facsimile:     +1-650-614-7401 |
| 8 | Attorneys for Defendant and Counterclaim Plaintiff |
|   | NANOSOLAR, INC. |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SOLANNEX, INC., a Delaware corporation, | Case No. CV 11-0547 (EJD) |
|      Plaintiff/Counterclaim Defendant, | **NANOSOLAR, INC.'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF SOLANNEX, INC.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| NANOSOLAR, INC., a California corporation, | **DEMAND FOR JURY TRIAL** |
|      Defendant/Counterclaim Plaintiff. | |

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

Defendant Nanosolar, Inc. by way of its Answer to Plaintiff Solannex, Inc.'s First Amended Complaint denies all allegations in the First Amended Complaint and answers Solannex's First Amended Complaint as follows:

Nanosolar denies each and every allegation in Solannex's First Amended Complaint, except as specifically admitted. To the extent that the headings or any non-numbered statements in Solannex's First Amended Complaint contain any allegations, Nanosolar denies each and every allegation therein.

### THE PARTIES

1. Nanosolar admits that Solannex purports to be a corporation organized under the laws of Delaware and having a principal place of business at 17161 Copper Hill Drive, Morgan Hill, California 95037. Except as expressly admitted, Nanosolar denies each and every allegation contained in Paragraph 1.

2. Nanosolar admits that Nanosolar is a California corporation with its principal place of business at 5521 Hellyer Avenue, San Jose, California 95138. Except as expressly admitted, Nanosolar denies each and every allegation contained in Paragraph 2.

### JURISDICTION & VENUE

3. Nanosolar admits that Solannex purports to bring a lawsuit for patent infringement under 35 U.S.C. § 1, *et seq*. Nanosolar admits that the Court has subject matter jurisdiction over claims for patent infringement under 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Nanosolar denies each and every allegation contained in Paragraph 3.

4. Nanosolar admits that its principal place of business is in San Jose, California. Nanosolar admits that Solannex purports to have a principal place of business at 17161 Copper Hill Drive, Morgan Hill, California 95037. Except as expressly admitted, Nanosolar denies each and every allegation contained in Paragraph 4.

### INTRADISTRICT ASSIGNMENT

5. Nanosolar admits that as a civil action, this matter is subject to district-wide assignment under Civil L.R. 3-2(c). Except as expressly admitted, Nanosolar denies each

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

-1-

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

1  and every allegation contained in Paragraph 5.

2  **FIRST CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '243 PATENT**

3      6.   Nanosolar admits that the title page of United States Patent No. 7,732,243
4  states that United States Patent and Trademark Office issued the '243 Patent on June 8, 2010.
5  Nanosolar admits that on its face the '243 Patent is entitled "Substrate Structures for
6  Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such
7  Arrays." Nanosolar admits that on its face the '243 Patent states Solannex as the assignee.
8  Except as expressly so admitted, Nanosolar denies each and every allegation contained in
9  Paragraph 6.

10     7.   Nanosolar admits that 35 U.S.C. § 282 states, "A patent shall be presumed
11 valid." Nanosolar specifically denies that the '243 Patent is valid or enforceable. Except as
12 expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph 7.

13     8.   Nanosolar admits that on August 24, 2010, it filed an information disclosure
14 statement for United States Patent Application 11/933,416 which cited the '243 Patent.
15 Except as expressly so admitted, Nanosolar denies each and every allegation in Paragraph 8.

16     9.   Nanosolar admits that it manufactures and sells photovoltaic products.
17 Nanosolar admits that some of its photovoltaic products may be included in its Nanosolar
18 Utility Panel. Nanosolar specifically denies that its photovoltaic products, its Nanosolar
19 Utility Panel, or the methods by which those products are manufactured infringe the '243
20 Patent's Claims 1-9, 12-13, and 15-20. Nanosolar also specifically denies that it has
21 infringed, continues to infringe, contributes to the infringement of, or induces the
22 infringement of the '243 Patent Claims 1-9, 12-13, and 15-20. Except as expressly so
23 admitted, Nanosolar denies each and every allegation contained in Paragraph 9.

24     10.  Nanosolar denies each and every allegation in Paragraph 10.

25 **SECOND CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '053 PATENT**

26     11.  Nanosolar admits that the title page of United States Patent No. 7,898,053
27 states on its face that the United States Patent and Trademark Office issued the '053 Patent
28 on March 1, 2011. Nanosolar admits that on its face the '053 Patent is entitled "Substrate

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 2 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such Arrays." Nanosolar admits that on its face the '053 Patent states Solannex as the assignee. Except as expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph 11.

12. Nanosolar admits that 35 U.S.C. § 282 states, "A patent shall be presumed valid." Nanosolar specifically denies that the '053 Patent is valid or enforceable. Except as expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph 12.

13. Nanosolar admits that it manufactures and sells photovoltaic products. Nanosolar admits that some of its photovoltaic products may be used in its Nanosolar Utility Panel. Nanosolar specifically denies the allegation that its photovoltaic products, its Nanosolar Utility Patent, or both infringe the '053 Patent's Claims 1-6, 8-10, and 12-22. Nanosolar also specifically denies the allegation that it infringed, continues to infringe, contributes to the infringement of, or induces the infringement of the '053 Patent Claims 1-6, 8-10, and 12-22. Except as expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph 13.

14. As there is no Paragraph 14 in Solannex's First Amended Complaint, Nanosolar lacks sufficient knowledge to either admit or deny the purported allegations, and therefore, Nanosolar denies each and every allegation presumably contained therein.

15. Nanosolar denies each and every allegation in Paragraph 15.

**NANOSOLAR'S DENIAL OF SOLANNEX'S PRAYER FOR RELIEF**

Nanosolar denies each and every allegation contained in Solannex's Prayer for Relief. Nanosolar specifically denies the allegations that Solannex is entitled to any judgment against Nanosolar as to any of the relief described therein, or to any remedy whatsoever against Nanosolar.

**NANOSOLAR'S AFFIRMATIVE DEFENSES**

Nanosolar alleges the affirmative defenses set forth below. Nanosolar reserves the right to amend its Answer to assert further affirmative defenses based on future discovery in

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 3 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

this lawsuit.  Nanosolar alleges the following:

**First Affirmative Defense**

**(Noninfringement)**

1. Nanosolar has not and does not literally infringe any claim of the '243 Patent or the '053 Patent and is not liable for infringement thereof.

2. Nanosolar has not and does not infringe any claim of the '243 Patent or the '053 Patent under the doctrine of equivalents and is not liable for infringement thereof.

3. Nanosolar alleges on information and belief that the proceedings in the United States and Trademark Office during the prosecution of the application for the '243 Patent and the '053 Patent – specifically the admissions, representations, and amendments made on behalf of the applicant for such patents to the Patent and Trademark Office – preclude or estop Solannex from claiming of any interpretation, scope, or coverage of the claims of the '243 Patent or the '053 Patent to cover or include any method used by Nanosolar or product made, used, sold, offered for sale, or imported into the United States by Nanosolar.

4. Nanosolar has not and does not induce infringement of any claim of the '243 Patent and the '053 Patent and is not liable for infringement thereof.

5. Nanosolar has not and does not contribute to the infringement of any claim of the '243 Patent and the '053 Patent and is not liable for infringement thereof.

**Second Affirmative Defense**

**(Invalidity Of The Asserted Patents)**

6. Nanosolar alleges, based upon information presently available, and without prejudice to further amendment upon information learned during discovery, that one or more claims of the '243 Patent and the '053 Patent are invalid because they fail to meet the "conditions of patentability" of 35 U.S.C. §§ 101, 102, 103, and 112, because one or more of the claims lack definiteness, because the alleged inventions therefore lack utility and one or more of the claims are not enabled or are not supported by a specification providing an adequate description of the claimed invention, because one or more of the claims are invalid for failure to identify the best mode contemplated by the inventor of carrying out the invention(s), because one

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 4 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

or more claims are invalid inasmuch as they are taught by, suggested by, anticipated by, rendered obvious in view of the prior art, or are unsupported by the written description of the invention.

### Third Affirmative Defense

### (Equitable Estoppel)

7.  Nanosolar alleges, on information and belief, that Solannex's claims under the '243 Patent or the '053 Patent are barred by the doctrine of equitable estoppel due to Solannex's knowledge of Nanosolar's action that are alleged to infringe the '243 Patent or the '053 Patent, due further to the fact that Solannex misleading communicated to Nanosolar and others in the industry by words, conduct, or silence that activities like those of Nanosolar (including Nanosolar's own activities) are not infringing, due to Nanosolar's reasonable reliance upon such communications (including Nanosolar's continuing to maintain its activities that are not alleged to infringe the '243 Patent or the '053 Patent), and by virtue of the fact that insofar as Nanosolar reasonable relied upon Solannex's communications, Nanosolar now would be materially harmed if Solannex were to be permitted to assert any claim against Nanosolar inconsistent with Solannex's previous conduct.

### Fourth Affirmative Defense

### (Failure To Comply With 35 U.S.C. § 287)

8.  Nanosolar alleges on information and belief that and damages to which Solannex may allege that it is entitled are limited or barred because of Solannex's failure to comply with the requirements of 35 U.S.C. § 287. Upon information and belief, neither Solannex nor Solannex's licensees marked devices that embody any of the purported claims of the '243 Patent or the '053 Patent with proper notice of such patent, as required by 35 U.S.C. § 287. Prior to receiving a copy of Solannex's Complaint in this action, Nanosolar had neither actual nor constructive notice of Solannex's allegations of infringement. Solannex is not entitled to any pre-filing damages pursuant to 35 U.S.C. § 287.

### Fifth Affirmative Defense

### (Limitation Damages – Enhanced Damages)

9.  Nanosolar alleges on information and belief that Solannex has failed to plead and

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 5 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

1  meet the requirements of 35 U.S.C. § 284 for enhanced damages and is not entitled to any

2  damages prior to the date Solannex filed its causes of action for infringement under the '243

3  Patent and the '053 Patent.  Nanosolar has an objectively reasonable basis on which to continue

4  its present business.

**Sixth Affirmative Defense**

**(Reservation of Additional Defenses)**

7  10.  Nanosolar reserves all affirmative defenses under Federal Rule of Civil Procedure

8  8(c), the Patent Laws of the United States and any other defense – at law or in equity – that may

9  now or in the future be available based on discovery or any other factual investigation

10  concerning this case or any related action.

**NANOSOLAR'S COUNTERCLAIMS AGAINST PLAINTIFF SOLANNEX**

12  For its counterclaims against Solannex, Nanosolar alleges the following:

13  1.  Nanosolar is a corporation organized under the laws of California, having its

14  principal place of business at 5521 Hellyer Avenue, San Jose, California 95138.

15  2.  Upon information and belief, Solannex is a corporation organized and existing

16  under the laws of Delaware, having its principal place of business in 17161 Copper Hill Drive,

17  Morgan Hill, California 95037.

18  3.  Nanosolar's counterclaims are filed and these proceedings instituted against

19  Solannex under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory

20  Judgment Act, 28 U.S.C. §§ 2201 and 2202.

21  4.  This Court has original subject matter jurisdiction over the patent counterclaims

22  pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23  5.  This Court has personal jurisdiction over the parties.  Solannex transacts or has

24  transacted business in this judicial district by, among other things, having a principal place of

25  business in this district, filing a lawsuit for patent infringement in this district, and appearing

26  before a court in this district.  Nanosolar has a principal place of business in this judicial district.

27  Venue is also proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

28  6.  An actual and justiciable controversy exists within the meaning of 28 U.S.C. §§

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 6 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

2201 and 2202 between counterclaim plaintiff Nanosolar and counterclaim defendant Solannex as to whether the '243 Patent, the '053 Patent, or both are valid or enforceable, and as to whether Nanosolar has infringed the '243 Patent, the '053 Patent, or both directly or indirectly either literally or by virtue of the doctrine of equivalents, resulting in the alleged liability for infringement.

**FIRST COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

**(Declaratory Judgment Of Noninfringement Of The '243 Patent)**

7.   Nanosolar reallges and incorporates Paragraph 1-6 of its Counterclaims as if fully set forth herein.

8.   Nanosolar has not infringed and is not now infringing any claim of the '243 Patent literally or under the doctrine of equivalents.

9.   Nanosolar has not and is not now inducing or contributing to the infringement of any claim of the '243 Patent by others, either literally or by application of the doctrine of equivalents.

10.   Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the '243 Patent to be not infringed by Nanosolar and granting Nanosolar all other declaratory relief to which it may be entitled.

**SECOND COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

**(Declaratory Judgment Of Invalidity Of The '243 Patent)**

11.   Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

12.   On information and belief, and based on Nanosolar's ongoing investigation to date, the claims of the '243 Patent are invalid for failing to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

13.   Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the claims of the '243 Patent to be invalid for reasons including, but not limited to, failure to comply with one or more

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 7 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

of 35 U.S.C. §§ 102, 103, or 112, and order granting Nanosolar all other declaratory relief to which it may be entitled.

### THIRD COUNTERCLAIM FOR AFFIRMATIVE RELIEF
### (Declaratory Judgment Of Noninfringement Of The '053 Patent)

14. Nanosolar reallges and incorporates Paragraph 1-6 of its Counterclaims as if fully set forth herein.

15. Nanosolar has not infringed and is not now infringing any claim of the '053 Patent, literally or under the doctrine of equivalents.

16. Nanosolar has not and is not now inducing or contributing to the infringement of any claim of the '053 Patent by others, either literally or by application of the doctrine of equivalents.

17. Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the '053 Patent to be not infringed by Nanosolar and granting Nanosolar all other declaratory relief to which it may be entitled.

### FOURTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF
### (Declaratory Judgment Of Invalidity Of The '053 Patent)

18. Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

19. On information and belief, and based on Nanosolar's ongoing investigation to date, the claims of the '053 Patent are invalid for failing to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

20. Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the claims of the '053 Patent to be invalid for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, or 112, and order granting Nanosolar all other declaratory relief to which it may be entitled.

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

OHS WEST:261141222.1

- 8 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

## FIFTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF

**(Declaratory Judgment Of Exceptional Case)**

21. Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

22. Nanosolar alleges, upon information and belief, that this is an exceptional case justifying an award of attorneys' fees against Solannex pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, counterclaim plaintiff Nanosolar prays for the following relief:

a) The Court enter judgment declaring that Nanosolar has not directly infringed the '243 Patent and the '053 Patent;

b) The Court enter judgment declaring that Nanosolar has not induced infringement of the '243 Patent and the '053 Patent;

c) The Court enter judgment declaring that Nanosolar has not contributed to the infringement of the '243 Patent and the '053 Patent;

d) The Court enter judgment declaring that Nanosolar has not willfully infringed the '243 Patent and the '053 Patent;

e) The Court enter judgment declaring the claims of the '243 Patent and the '053 Patent are invalid;

f) The Court issue a declaration that this case is "exceptional" under 35 U.S.C. § 285;

g) The Court award Nanosolar its costs and expense for this action, including reasonable attorneys' fees;

h) The Court award to Nanosolar further necessary and proper relief under 28 U.S.C. § 2202; and

i) The Court grant to Nanosolar such other and further relief as the Court deems just and appropriate.

/ / /

/ / /

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

OHS WEST:261141222.1

- 9 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

| | | |
|---|---|---|
| 1 | Dated: May 2, 2011 | Orrick, Herrington & Sutcliffe LLP |
| 2 | | |
| 3 | | By: _____ */s/ Jacob M. Heath /s/*_____ |
| 4 | | JACOB M. HEATH<br>Attorneys for Defendant and<br>Counterclaim Plaintiff |
| 5 | | NANOSOLAR, INC. |

Orrick, Herrington & Sutcliffe LLP
Attorneys at Law
Silicon Valley

OHS WEST:261141222.1

- 10 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)

## DEMAND FOR JURY TRIAL

Nanosolar hereby demands a jury trial in this action.

Dated: May 2, 2011

Orrick, Herrington & Sutcliffe LLP

By: */s/ Jacob M. Heath /s/*
JACOB M. HEATH
Attorneys for Defendant and
Counterclaim Plaintiff
NANOSOLAR, INC.

Orrick, Herrington & Sutcliffe LLP
Attorneys At Law
Silicon Valley

OHS WEST:261141222.1

- 11 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S FIRST AMENDED COMPLAINT
CV 11-0547 (EJD)