MICHAEL E. DERGOSITS (State Bar No. 118206)
IGOR SHOIKET (State Bar No. 190066)
DERGOSITS & NOAH LLP
Three Embarcadero Center, Suite 410
San Francisco, CA 94111
Telephone:    (415) 705-6377
Facsimile:    (415) 750-6383
Email:        mdergosits@dergnoah.com
Email:        ishoiket@dergnoah.com

Edward W. Goldstein (admitted pro hac vice)
Corby R. Vowell (admitted pro hac vice)
Alisa Lipski (admitted pro hac vice)
Califf T. Cooper (admitted pro hac vice)
GOLDSTEIN & VOWELL LLP
1177 West Loop South, Suite 400
Houston, Texas  77027
Telephone:    (713) 877-1515
Facsimile:    (713) 877-1145
Email:        egoldstein@gviplaw.com
Email:        cvowell@gviplaw.com
Email:        alipski@gviplaw.com
Email:        ccooper@gviplaw.com

Attorneys for Plaintiff
Solannex, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SOLANNEX, INC., a Delaware corporation, ) | Civil Action No.: 5-11-cv-00547 EJD |
| Plaintiff, ) | **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| v. ) | |
| NANOSOLAR, INC., a California corporation, ) | **DEMAND FOR JURY TRIAL** |
| Defendant. ) | |

Plaintiff Solannex, Inc. ("Plaintiff" or "Solannex"), files this second amended complaint against Nanosolar, Inc. ("Defendant" or "Nanosolar"), and alleges as follows:

///

– 1 –

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Civil Action No. CV11-0547

## THE PARTIES

1. Plaintiff, Solannex is a corporation organized under the laws of Delaware having its principal place of business at 17161 Copper Hill Drive, Morgan Hill, CA 95037.

2. Defendant, Nanosolar, on information and belief, is a corporation organized under the laws of the State of California and has a principal place of business at 5521 Hellyer Avenue, San Jose, CA 95138. Nanosolar may be served through its registered agent, National Registered Agents, Inc. at 2875 Michelle Drive, Suite 100, Irvine, CA 92606.

## JURISDICTION & VENUE

3. This is an action for infringement of a United States patent. Accordingly, this action arises under the patent laws of the United States of America, 35 U.S.C. § 1 et seq., and jurisdiction is properly based on 35 U.S.C. § 271 and 28 U.S.C. § 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b-c) and 1400(b). Upon information and belief, Nanosolar transacts or has transacted business in this judicial district, or committed and/or induced acts of patent infringement in this district. Plaintiff Solannex has a principal place of business in this judicial district.

## INTRADISTRICT ASSIGNMENT

5. Since this is a civil action, the matter is subject to district-wide assignment under Civil L.R. 3-2(c).

## FIRST CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '243 PATENT

6. On June 8, 2010, United States Patent No. 7,732,243 ("the '243 patent") entitled "Substrate Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such Arrays" was duly and legally issued. It is assigned to Solannex. The '243 patent, in general, relates to interconnections of multiple photovoltaic cells. A copy of the '243 patent is attached as Exhibit A.

7. Pursuant to 35 U.S.C. § 282, the '243 patent is presumed valid.

– 2 –

8. On August 24, 2010, Nanosolar filed an information disclosure statement for United States Patent Application 11/933,416 which cited the '243 patent. Consequently, Nanosolar has been aware of Dr. Luch's intellectual property technology since at least August 24, 2010.

9. Nanosolar, on information and belief, manufactures, uses, and sells photovoltaic products[1], including but not limited to photovoltaic cells that are used in the Nanosolar Utility Panel, that infringe at least claims 1-9, 12-13, and 15-20 of the '243 patent. By manufacturing, using and/or selling such products, Nanosolar has willfully infringed and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1-9, 12-13, and 15-20 of the '243 patent, either literally or under the doctrine of equivalents.

10. Accordingly, Nanosolar's acts of infringement of the '243 patent, as alleged above, have injured Solannex and thus, Solannex is entitled to recover damages adequate to compensate it for Nanosolar's acts of infringement, which in no event can be less than a reasonable royalty.

**SECOND CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '053 PATENT**

11. On March 1, 2011, United States Patent No. 7,898,053 ("the '053 patent") entitled "Substrate Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such Arrays" was duly and legally issued. It is assigned to Solannex. The '053 patent, in general, relates to interconnections of multiple photovoltaic cells. A copy of the '053 patent is attached as Exhibit B.

12. Pursuant to 35 U.S.C. § 282, the '053 patent is presumed valid.

13. Nanosolar, on information and belief, manufactures, uses, and sells photovoltaic products[2], including but not limited to photovoltaic cells that are used in the Nanosolar Utility Panel, that infringe at least claims 1-6, 8-10, and 12-22 of the '053 patent. By manufacturing, using and/or selling such products, Nanosolar has willfully infringed and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1-6, 8-10, and 12-22 of the '053 patent, either literally or under the doctrine of equivalents.

---

[1] Advertised at http://www.nanosolar.com/technology

[2] Advertised at http://www.nanosolar.com/technology

– 3 –

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Civil Action No. CV11-0547

14. Accordingly, Nanosolar's acts of infringement of the '053 patent, as alleged above, have injured Solannex and thus, Solannex is entitled to recover damages adequate to compensate it for Nanosolar's acts of infringement, which in no event can be less than a reasonable royalty.

### THIRD CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '054 PATENT

15. On March 1, 2011, United States Patent No. 7,898,054 ("the '054 patent") entitled "Substrate Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such Arrays" was duly and legally issued. It is assigned to Solannex. The '054 patent, in general, relates to interconnections of multiple photovoltaic cells. A copy of the '054 patent is attached as Exhibit C.

16. Pursuant to 35 U.S.C. § 282, the '054 patent is presumed valid.

17. Nanosolar, on information and belief, manufactures, uses, and sells photovoltaic products[3], including but not limited to photovoltaic cells that are used in the Nanosolar Utility Panel, that infringe at least claims 1-13, 15-16, and 18-20 of the '054 patent. By manufacturing, using and/or selling such products, Nanosolar has willfully infringed and continues to infringe, contribute to the infringement of, or induce the infringement of at least claims 1-13, 15-16, and 18-20 of the '054 patent, either literally or under the doctrine of equivalents.

18. Accordingly, Nanosolar's acts of infringement of the '054 patent, as alleged above, have injured Solannex and thus, Solannex is entitled to recover damages adequate to compensate it for Nanosolar's acts of infringement, which in no event can be less than a reasonable royalty.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment:

A. that Nanosolar has infringed one or more claims of the Asserted Patents;
B. that Nanosolar accounts for and pays to Solannex all damages caused by the past infringement of the Asserted Patents, which by statute can be no less than a reasonable royalty;

---

[3] Advertised at http://www.nanosolar.com/technology

1   C.  that a permanent injunction enjoins Nanosolar and their officers, directors, agent, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the Asserted Patents;

D.  that Solannex be granted pre-judgment and post-judgment interest on the damages caused to them by reason of Nanosolar's infringement of the Asserted Patents;

E.  that Solannex be granted its attorneys' fees in this action;

F.  that costs be awarded to Solannex;

G.  that Solannex be granted such other and further relief as the Court may deem just and proper under the current circumstances.

Dated:  June 16, 2011

By /s/ Edward W. Goldstein

Edward W. Goldstein (adm. Pro Hac Vice)
Corby R. Vowell  (adm. Pro Hac Vice)
Alisa A. Lipski  (adm. Pro Hac Vice)
GOLDSTEIN & VOWELL, LLP
1177 West Loop South, Suite 400
Houston, TX  77027

Michael E. Dergosits (State Bar No. 118206)
Igor Shoiket (State Bar No. 190066)
DERGOSITS & NOAH LLP
Three Embarcadero Center, Suite 410
San Francisco, CA  94111

Attorneys for Plaintiff Solannex, Inc.

– 5 –

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Civil Action No. CV11-0547

# JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Solannex, Inc. hereby demands a trial by jury for all issues so triable.

Dated:  June 16, 2011                                                      By/s/ Edward W. Goldstein

                                                      Edward W. Goldstein (adm. Pro Hac Vice)
Corby R. Vowell  (adm. Pro Hac Vice)
Alisa A. Lipski  (adm. Pro Hac Vice)
GOLDSTEIN & VOWELL, LLP
1177 West Loop South, Suite 400
Houston, TX  77027

Michael E. Dergosits (State Bar No. 118206)
Igor Shoiket (State Bar No. 190066)
DERGOSITS & NOAH LLP
Three Embarcadero Center, Suite 410
San Francisco, CA  94111

Attorneys for Plaintiff Solannex, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2011, I electronically filed the foregoing document with the Clerk of the Court using this court's CM/ECF system, which will automatically send e-mail notification of such filing to all counsel who have entered in an appearance in this action.  Pursuant to General Order 45(IX)(A), the e-mail notification constitutes service to those counsel of record.

                                                      /s/ Edward W. Goldstein
                                                      Edward W. Goldstein

SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Civil Action No. CV11-0547