1   G. HOPKINS GUY, III (SBN 124811)
    hopguy@orrick.com
2   MICHAEL F. HEAFEY (SBN 153499)
    mheafey@orrick.com
3   JACOB M. HEATH (SBN 238959)
    jheath@orrick.com
4   JACOB A. SNOW (SBN 270988)
    jsnow@orrick.com
5   ORRICK, HERRINGTON & SUTCLIFFE LLP
    1000 Marsh Road
6   Menlo Park, California  94025
    Telephone:     +1-650-614-7400
7   Facsimile:     +1-650-614-7401

8   Attorneys for Defendant and Counterclaim Plaintiff
    NANOSOLAR, INC.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14  SOLANNEX, INC., a Delaware corporation,          Case No. CV 11-0547 (EJD)

15          Plaintiff/Counterclaim                   **NANOSOLAR, INC.'S ANSWER AND**
            Defendant,                                **COUNTERCLAIMS TO PLAINTIFF**
16                                                    **SOLANNEX, INC.'S SECOND**
        v.                                            **AMENDED COMPLAINT FOR**
17                                                    **PATENT INFRINGEMENT**
    NANOSOLAR, INC., a California corporation,
18                                                    **DEMAND FOR JURY TRIAL**
            Defendant/Counterclaim
19          Plaintiff.

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

1    Defendant Nanosolar, Inc. by way of its Answer to Plaintiff Solannex, Inc.'s Second

2  Amended Complaint denies all allegations in the Second Amended Complaint and answers

3  Solannex's Second Amended Complaint as follows:

4    Nanosolar denies each and every allegation in Solannex's Second Amended Complaint,

5  except as specifically admitted.  To the extent that the headings or any non-numbered statements

6  in Solannex's Second Amended Complaint contain any allegations, Nanosolar denies each and

7  every allegation therein.

8                            **THE PARTIES**

9    1.    Nanosolar admits that Solannex purports to be a corporation organized under

10  the laws of Delaware and having a principal place of business at 17161 Copper Hill Drive,

11  Morgan Hill, California 95037.  Except as expressly admitted, Nanosolar denies each and

12  every allegation contained in Paragraph 1.

13    2.    Nanosolar admits that Nanosolar is a California corporation with its principal

14  place of business at 5521 Hellyer Avenue, San Jose, California 95138.  Except as expressly

15  admitted, Nanosolar denies each and every allegation contained in Paragraph 2.

16                        **JURISDICTION & VENUE**

17    3.    Nanosolar admits that Solannex brings this lawsuit for patent infringement

18  under 35 U.S.C. § 1, *et seq*.  Nanosolar admits that the Court has subject matter jurisdiction

19  over claims for patent infringement under 35 U.S.C. § 271 and 28 U.S.C. §§ 1331 and

20  1338(a).  Except as expressly admitted, Nanosolar denies each and every allegation

21  contained in Paragraph 3.

22    4.    Nanosolar admits that its principal place of business is in San Jose, California.

23  Nanosolar admits that Solannex purports to have a principal place of business at 17161

24  Copper Hill Drive, Morgan Hill, California 95037.  Except as expressly admitted, Nanosolar

25  denies each and every allegation contained in Paragraph 4.

26                    **INTRADISTRICT ASSIGNMENT**

27    5.    Nanosolar admits that as a civil action, this matter is subject to district-wide

28  assignment under Civil L.R. 3-2(c).  Except as expressly admitted, Nanosolar denies each

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

-1-

1    and every allegation contained in Paragraph 5.

2    **FIRST CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '243 PATENT**

3       6.      Nanosolar admits that the title page of United States Patent No. 7,732,243

4    states that United States Patent and Trademark Office issued the '243 Patent on June 8, 2010.

5    Nanosolar admits that on its face the '243 Patent is entitled "Substrate Structures for

6    Integrated Series Connected Photovoltaic Arrays and Process of Manufacture of Such

7    Arrays." Nanosolar admits that Solannex purports to be the assignee of the '243 Patent.

8    Except as expressly so admitted, Nanosolar denies each and every allegation contained in

9    Paragraph 6.

10      7.      Nanosolar admits that 35 U.S.C. § 282 states, "A patent shall be presumed

11   valid." Nanosolar specifically denies that the '243 Patent is valid or enforceable. Except as

12   expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph 7.

13      8.      Nanosolar admits that on August 24, 2010, it filed an information disclosure

14   statement for United States Patent Application 11/933,416 which cited the '243 Patent.

15   Except as expressly so admitted, Nanosolar denies each and every allegation in Paragraph 8.

16      9.      Nanosolar admits that it manufactures and sells photovoltaic products.

17   Nanosolar admits that some of its photovoltaic products may be included in its Nanosolar

18   Utility Panel. Nanosolar specifically denies that its photovoltaic products, its Nanosolar

19   Utility Panel, or the methods by which those products are manufactured infringe the '243

20   Patent's Claims 1-9, 12-13, and 15-20. Nanosolar also specifically denies that it has

21   infringed, continues to infringe, contributes to the infringement of, or induces the

22   infringement of the '243 Patent Claims 1-9, 12-13, and 15-20. Except as expressly so

23   admitted, Nanosolar denies each and every allegation contained in Paragraph 9.

24      10.     Nanosolar denies each and every allegation in Paragraph 10.

25   **SECOND CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '053 PATENT**

26      11.     Nanosolar admits that the title page of United States Patent No. 7,898,053

27   states on its face that the United States Patent and Trademark Office issued the '053 Patent

28   on March 1, 2011. Nanosolar admits that on its face the '053 Patent is entitled "Substrate

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 2 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1   Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture

2   of Such Arrays." Nanosolar admits that Solannex purports to be the assignee of the '053

3   Patent. Except as expressly so admitted, Nanosolar denies each and every allegation

4   contained in Paragraph 11.

5        12.      Nanosolar admits that 35 U.S.C. § 282 states, "A patent shall be presumed

6   valid." Nanosolar specifically denies that the '053 Patent is valid or enforceable. Except as

7   expressly so admitted, Nanosolar denies each and every allegation contained in Paragraph

8   12.

9        13.      Nanosolar admits that it manufactures and sells photovoltaic products.

10  Nanosolar admits that some of its photovoltaic products may be used in its Nanosolar Utility

11  Panel. Nanosolar specifically denies the allegation that its photovoltaic products, its

12  Nanosolar Utility Panel, or both infringe the '053 Patent's Claims 1-6, 8-10, and 12-22.

13  Nanosolar also specifically denies the allegation that it has infringed, continues to infringe,

14  contributes to the infringement of, or induces the infringement of the '053 Patent Claims 1-6,

15  8-10, and 12-22. Except as expressly so admitted, Nanosolar denies each and every

16  allegation contained in Paragraph 13.

17       14.      Nanosolar denies each and every allegation in Paragraph 14.

18  **THIRD CAUSE OF ACTION – PATENT INFRINGEMENT OF THE '054 PATENT**

19       15.      Nanosolar admits that the title page of United States Patent No. 7,898,054

20  states on its face that the United States Patent and Trademark Office issued the '054 Patent

21  on March 1, 2011. Nanosolar admits that on its face the '054 Patent is entitled "Substrate

22  Structures for Integrated Series Connected Photovoltaic Arrays and Process of Manufacture

23  of Such Arrays." Nanosolar admits that Solannex purports to be the assignee of the '054

24  Patent. Except as expressly so admitted, Nanosolar denies each and every allegation

25  contained in Paragraph 15.

26       16.      Nanosolar admits that 35 U.S.C. § 282 states, "A patent shall be presumed

27  valid." Nanosolar specifically denies that the '054 Patent is valid or enforceable. Except as

28  expressly so admitted, Nanosolar denies each and every allegation contained in

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 3 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1    Paragraph 16.

2         17.    Nanosolar admits that it manufactures and sells photovoltaic products.

3    Nanosolar admits that some of its photovoltaic products may be used in its Nanosolar Utility

4    Panel.  Nanosolar specifically denies the allegation that its photovoltaic products, its

5    Nanosolar Utility Panel, or both infringe the '054 Patent's Claims 1-13, 15-16, and 18-20.

6    Nanosolar also specifically denies the allegation that it infringed, continues to infringe,

7    contributes to the infringement of, or induces the infringement of the '054 Patent Claims 1-

8    13, 15-16, and 18-20.  Except as expressly so admitted, Nanosolar denies each and every

9    allegation contained in Paragraph 17.

10        18.    Nanosolar denies each and every allegation in Paragraph 18.

11        **NANOSOLAR'S DENIAL OF SOLANNEX'S PRAYER FOR RELIEF**

12        Nanosolar denies each and every allegation contained in Solannex's Prayer for Relief.

13   Nanosolar specifically denies the allegations that Solannex is entitled to any judgment

14   against Nanosolar as to any of the relief described therein, or to any remedy whatsoever

15   against Nanosolar.

16        **NANOSOLAR'S AFFIRMATIVE DEFENSES**

17        Nanosolar alleges the affirmative defenses set forth below.  Nanosolar reserves the

18   right to amend its Answer to assert further affirmative defenses based on future discovery in

19   this lawsuit.  Nanosolar alleges the following:

20        **First Affirmative Defense**

21        **(Noninfringement)**

22        1.    Nanosolar has not and does not literally infringe any claim of the '243 Patent, the

23   '053 Patent, or the '054 Patent and is not liable for infringement thereof.

24        2.    Nanosolar has not and does not infringe any claim of the '243 Patent, the '053

25   Patent, or the '054 Patent under the doctrine of equivalents and is not liable for infringement

26   thereof.

27        3.    Nanosolar alleges on information and belief that the proceedings in the United

28   States and Trademark Office during the prosecution of the application for the '243 Patent, the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 4 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1    '053 Patent, and the '054 Patent – specifically the admissions, representations, and amendments

2    made on behalf of the applicant for such patents to the Patent and Trademark Office – preclude

3    or estop Solannex from asserting any interpretation, scope, or coverage of the claims of the '243

4    Patent, the '053 Patent, or the '054 Patent to cover or include any method used by Nanosolar or

5    product made, used, sold, offered for sale, or imported into the United States by Nanosolar.

6       4.      Nanosolar has not and does not induce infringement of any claim of the '243

7    Patent, the '053 Patent, or the '054 Patent and is not liable for infringement thereof.

8       5.      Nanosolar has not and does not contribute to the infringement of any claim of the

9    '243 Patent, the '053 Patent, or the '054 Patent and is not liable for infringement thereof.

10                              **Second Affirmative Defense**

11                          **(Invalidity Of The Asserted Patents)**

12      6.      Nanosolar alleges, based upon information presently available, and without

13   prejudice to further amendment upon information learned during discovery, that one or more

14   claims of the '243 Patent, the '053 Patent, and the '054 Patent are invalid because they fail to

15   meet the "conditions of patentability" of 35 U.S.C. §§ 101, 102, 103, and 112, because one or

16   more of the claims lack definiteness, because the alleged inventions therefore lack utility and one

17   or more of the claims are not enabled or are not supported by a specification providing an

18   adequate description of the claimed invention, because one or more of the claims are invalid for

19   failure to identify the best mode contemplated by the inventor of carrying out the invention(s),

20   because one or more claims are invalid inasmuch as they are taught by, suggested by, anticipated

21   by, rendered obvious in view of the prior art, or are unsupported by the written description of the

22   invention.

23                              **Third Affirmative Defense**

24                              **(Equitable Estoppel)**

25      7.      Nanosolar alleges, on information and belief, that Solannex's claims under the

26   '243 Patent, the '053 Patent, and the '054 Patent are barred by the doctrine of equitable estoppel

27   due to Solannex's knowledge of Nanosolar's actions that are alleged to infringe the '243 Patent,

28   the '053 Patent, or the '054 Patent, due further to the fact that Solannex misleadingly

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 5 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1   communicated to Nanosolar and others in the industry by words, conduct, or silence that

2   activities like those of Nanosolar (including Nanosolar's own activities) are not infringing, due to

3   Nanosolar's reasonable reliance upon such communications (including Nanosolar's continuing

4   to maintain its activities that are not alleged to infringe the '243 Patent, the '053 Patent, or the

5   '054 Patent), and by virtue of the fact that insofar as Nanosolar reasonably relied upon

6   Solannex's communications, Nanosolar now would be materially harmed if Solannex were to be

7   permitted to assert any claim against Nanosolar inconsistent with Solannex's previous conduct.

8   **Fourth Affirmative Defense**

9   **(Failure To Comply With 35 U.S.C. § 287)**

10   8.   Nanosolar alleges on information and belief that damages to which Solannex may

11   allege that it is entitled are limited or barred because of Solannex's failure to comply with the

12   requirements of 35 U.S.C. § 287.  Upon information and belief, neither Solannex nor Solannex's

13   licensees marked devices that embody any of the purported claims of the '243 Patent, the '053

14   Patent, or the '054 Patent with proper notice of such patent, as required by 35 U.S.C. § 287.

15   Prior to receiving a copy of Solannex's Complaint in this action, Nanosolar had neither actual

16   nor constructive notice of Solannex's allegations of infringement.  Solannex is not entitled to any

17   pre-filing damages pursuant to 35 U.S.C. § 287.

18   **Fifth Affirmative Defense**

19   **(Limitation Damages – Enhanced Damages)**

20   9.   Nanosolar alleges on information and belief that Solannex has failed to plead and

21   meet the requirements of 35 U.S.C. § 284 for enhanced damages and is not entitled to any

22   damages prior to the date Solannex filed its causes of action for infringement under the '243

23   Patent, the '053 Patent, or the '054 Patent.  Nanosolar has an objectively reasonable basis on

24   which to continue its present business.

25   **Sixth Affirmative Defense**

26   **(Reservation of Additional Defenses)**

27   10.   Nanosolar reserves all affirmative defenses under Federal Rule of Civil Procedure

28   8(c), the Patent Laws of the United States and any other defense – at law or in equity – that may

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 6 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1   now or in the future be available based on discovery or any other factual investigation

2   concerning this case or any related action.

3               **NANOSOLAR'S COUNTERCLAIMS AGAINST PLAINTIFF SOLANNEX**

4               For its counterclaims against Solannex, Nanosolar alleges the following:

5       1.      Nanosolar is a corporation organized under the laws of California, having its

6   principal place of business at 5521 Hellyer Avenue, San Jose, California 95138.

7       2.      Upon information and belief, Solannex is a corporation organized and existing

8   under the laws of Delaware, having its principal place of business in 17161 Copper Hill Drive,

9   Morgan Hill, California 95037.

10      3.      Nanosolar's counterclaims are filed and these proceedings instituted against

11  Solannex under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., and the Declaratory

12  Judgment Act, 28 U.S.C. §§ 2201 and 2202.

13      4.      This Court has original subject matter jurisdiction over the patent counterclaims

14  pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15      5.      This Court has personal jurisdiction over the parties.  Solannex transacts or has

16  transacted business in this judicial district by, among other things, having a principal place of

17  business in this district, filing a lawsuit for patent infringement in this district, and appearing

18  before a court in this district.  Nanosolar has a principal place of business in this judicial district.

19  Venue is also proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

20      6.      An actual and justiciable controversy exists within the meaning of 28 U.S.C. §§

21  2201 and 2202 between counterclaim plaintiff Nanosolar and counterclaim defendant Solannex

22  as to whether the '243 Patent, the '053 Patent, the '054 Patent, or any combination thereof are

23  valid or enforceable, and as to whether Nanosolar has infringed the '243 Patent, the '053 Patent,

24  the '054 Patent, or any combination thereof directly or indirectly either literally or by virtue of

25  the doctrine of equivalents, resulting in the alleged liability for infringement.

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 7 -

**FIRST COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

**(Declaratory Judgment Of Noninfringement Of The '243 Patent)**

7.      Nanosolar realleges and incorporates Paragraph 1-6 of its Counterclaims as if fully set forth herein.

8.      Nanosolar has not infringed and is not now infringing any claim of the '243 Patent literally or under the doctrine of equivalents.

9.      Nanosolar has not and is not now inducing or contributing to the infringement of any claim of the '243 Patent by others, either literally or by application of the doctrine of equivalents.

10.      Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the '243 Patent to be not infringed by Nanosolar and granting Nanosolar all other declaratory relief to which it may be entitled.

**SECOND COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

**(Declaratory Judgment Of Invalidity Of The '243 Patent)**

11.      Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

12.      On information and belief, and based on Nanosolar's ongoing investigation to date, the claims of the '243 Patent are invalid for failing to comply with one or more of the conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

13.      Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the claims of the '243 Patent to be invalid for reasons including, but not limited to, failure to comply with one or more of 35 U.S.C. §§ 102, 103, or 112, and order granting Nanosolar all other declaratory relief to which it may be entitled.

**THIRD COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

**(Declaratory Judgment Of Noninfringement Of The '053 Patent)**

14.      Nanosolar realleges and incorporates Paragraph 1-6 of its Counterclaims as if

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1    fully set forth herein.

2      15.     Nanosolar has not infringed and is not now infringing any claim of the '053

3    Patent, literally or under the doctrine of equivalents.

4      16.     Nanosolar has not and is not now inducing or contributing to the infringement of

5    any claim of the '053 Patent by others, either literally or by application of the doctrine of

6    equivalents.

7      17.     Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the

8    Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the '053 Patent to be not

9    infringed by Nanosolar and granting Nanosolar all other declaratory relief to which it may be

10    entitled.

11            **FOURTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

12            **(Declaratory Judgment Of Invalidity Of The '053 Patent)**

13      18.     Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if

14    fully set forth herein.

15      19.     On information and belief, and based on Nanosolar's ongoing investigation to

16    date, the claims of the '053 Patent are invalid for failing to comply with one or more of the

17    conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

18      20.     Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the

19    Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the claims of the '053

20    Patent to be invalid for reasons including, but not limited to, failure to comply with one or more

21    of 35 U.S.C. §§ 102, 103, or 112, and order granting Nanosolar all other declaratory relief to

22    which it may be entitled.

23            **FIFTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

24            **(Declaratory Judgment Of Noninfringement Of The '054 Patent)**

25      21.     Nanosolar realleges and incorporates Paragraph 1-6 of its Counterclaims as if

26    fully set forth herein.

27      22.     Nanosolar has not infringed and is not now infringing any claim of the '054

28    Patent, literally or under the doctrine of equivalents.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 9 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1    23.    Nanosolar has not and is not now inducing or contributing to the infringement of

2    any claim of the '054 Patent by others, either literally or by application of the doctrine of

3    equivalents.

4    24.    Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the

5    Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the '054 Patent to be not

6    infringed by Nanosolar and granting Nanosolar all other declaratory relief to which it may be

7    entitled.

8    **SIXTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

9    **(Declaratory Judgment Of Invalidity Of The '054 Patent)**

10    25.    Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if

11    fully set forth herein.

12    26.    On information and belief, and based on Nanosolar's ongoing investigation to

13    date, the claims of the '054 Patent are invalid for failing to comply with one or more of the

14    conditions and requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, or 112.

15    27.    Nanosolar seeks a declaratory judgment from this Court under Rule 57 of the

16    Federal Rules of Civil Procedure and under 28 U.S.C. § 2201 declaring the claims of the '054

17    Patent to be invalid for reasons including, but not limited to, failure to comply with one or more

18    of 35 U.S.C. §§ 102, 103, or 112, and order granting Nanosolar all other declaratory relief to

19    which it may be entitled.

20    **SEVENTH COUNTERCLAIM FOR AFFIRMATIVE RELIEF**

21    **(Declaratory Judgment Of Exceptional Case)**

22    28.    Nanosolar realleges and incorporates Paragraphs 1-6 of its Counterclaims as if

23    fully set forth herein.

24    29.    Nanosolar alleges, upon information and belief, that this is an exceptional case

25    justifying an award of attorneys' fees against Solannex pursuant to 35 U.S.C. § 285.

26    **PRAYER FOR RELIEF**

27    WHEREFORE, counterclaim plaintiff Nanosolar prays for the following relief:

28    a)    The Court enter judgment declaring that Nanosolar has not directly infringed the

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 10 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1         '243 Patent, the '053 Patent, or the '054 Patent;

2      b)      The Court enter judgment declaring that Nanosolar has not induced infringement

3          of the '243 Patent, the '053 Patent, or the '054 Patent;

4      c)      The Court enter judgment declaring that Nanosolar has not contributed to the

5          infringement of the '243 Patent, the '053 Patent, or the '054 Patent;

6      d)      The Court enter judgment declaring that Nanosolar has not willfully infringed the

7          '243 Patent, the '053 Patent, or the '054 Patent;

8      e)      The Court enter judgment declaring the claims of the '243 Patent, the '053 Patent,

9          and the '054 Patent are invalid;

10      f)      The Court issue a declaration that this case is "exceptional" under 35 U.S.C. §

11          285;

12      g)      The Court award Nanosolar its costs and expenses for this action, including

13          reasonable attorneys' fees;

14      h)      The Court award to Nanosolar further necessary and proper relief under 28 U.S.C.

15          § 2202; and

16      i)      The Court grant to Nanosolar such other and further relief as the Court deems just

17          and appropriate.

18

19    Dated: June 27, 2011                  Orrick, Herrington & Sutcliffe LLP

20

21                          By:          */s/ Jacob M. Heath /s/*

22                                JACOB M. HEATH
                               Attorneys for Defendant and

23                                Counterclaim Plaintiff
                               NANOSOLAR, INC.

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 11 -

NANOSOLAR'S ANSWER AND COUNTERCLAIMS
TO SOLANNEX'S SECOND AMENDED COMPLAINT
CV 11-0547 (EJD)

1

## **DEMAND FOR JURY TRIAL**

2       Nanosolar hereby demands a jury trial in this action.

3   Dated: June 27, 2011                         Orrick, Herrington & Sutcliffe LLP

4

5                                     By:    _____*/s/ Jacob M. Heath /s/*_____
                                                JACOB M. HEATH
6                                            Attorneys for Defendant and
                                               Counterclaim Plaintiff
7                                              NANOSOLAR, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SILICON VALLEY

- 12 -